UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.                                                                     Case No. 8:14-CR-426-T-27MAP

ROY M. ANTIGUA

_____/

## ORDER

**BEFORE THE COURT** is Defendant's Motion to Dismiss (Dkt. 25) and the Government's opposition (Dkt. 29). Upon consideration, the motion is DENIED.

Counts 1 and 2 of the Indictment charge Defendant with having knowingly and willfully made a materially false statement in a matter within the jurisdiction of the executive branch of the United States, in violation of 18 U.S.C. § 1001 and 2 (Dkt. 7). Defendant contends that Counts 1 and 2 should be dismissed because those counts fail to allege a crime. Specifically, Defendant contends that the Indictment alleges only that he falsely claimed to his corporate employers, as opposed to a federal agency, that he had obtained a Master's in Social Work, and therefore the alleged false statements were not a matter within the jurisdiction of the executive branch.

An indictment may be dismissed only if there is an "infirmity of law in the prosecution." *United States v. Belcher*, 927 F.2d 1182, 1184 (11th Cir. 1991); *United States v. Torkington*, 812 F.2d 1347, 1354 (11th Cir. 1987). A valid indictment must contain the elements of the charged offense and sufficiently apprise the defendant of what he must be prepared to meet. *United States v. Bobo*, 344 F.3d 1076, 1083 (11th Cir.2003). "An indictment that fails to allege each material

element of an offense fails to charge that offense." *United States v. London*, 550 F.2d 206, 211 (5th Cir. 1977). "In ruling on a motion to dismiss for failure to state an offense, a district court is limited to reviewing the *face* of the indictment and, more specifically, the *language used* to charge the crimes." *United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006). Importantly, however, for purposes of Defendant's motion, an indictment may not be dismissed based on a determination of facts that should be developed at trial. *Id.*

Section 1001 prohibits the making of false statements concerning "any matter within the jurisdiction of the executive ... branch of the [federal] [g]overnment." *United States v. Gonzalez*, 540 Fed.Appx. 967, 979 (11th Cir. 2014); *United States v. Blankenship*, 382 F.3d 1110, 1136 (11th Cir. 2004), *cert. denied*, 546 U.S. 828 (2005). The question raised by Defendant's motion is whether his false statements to his employers that he held a Master's in Social Work "concerned matters within the jurisdiction of the federal government." *United States v. Blankenship*, 382 F.3d at 1137.[1]

While "jurisdiction," as that term is used in § 1001, is not to be given a narrow or technical meaning, "the scope of the term does have limits." *Id.* To satisfy § 1001's jurisdictional element, the false statement must concern the "authorized functions of an agency or department" rather than "matters peripheral to the business of that body." *United States v. Rodgers*, 466 U.S. 475, 479

---

[1] To the extent Defendant contends that he cannot, as a matter of law, be criminally liable under § 1001 because the Indictment alleges that he made the false statement to his employers as opposed to Medicare, he is mistaken. *See United States v. Suggs*, 755 F.2d 1538, 1542 (11th Cir. 1985) ("It is undisputed that in order to be within agency jurisdiction of section 1001, the false statement need not be presented directly to an agency of the United States ..."); *United States v. Lutz*, 154 F.3d 581, 587 (6th Cir. 1998) ("There is no implicit requirement that the [false] statements be made directly to, or even be received by, the federal department or agency." *quoting United States v. Gibson*, 881 F.2d 318, 322 (6th Cir.1989). "False statements made in any matter within the agency's jurisdiction are within the scope of § 1001, and courts have upheld § 1001 convictions for false statements made to private entities receiving federal funds or subject to federal regulation or supervision." *Id.*

(1984). "A department or agency has jurisdiction, in this sense, when it has the power to exercise authority in a particular situation." *Id.* In determining whether or not a statement is made "in any matter within the jurisdiction" of the United States government, an important consideration is whether the federal government had any "power over the specific transaction in which the false statements were made." *Blankenship*, 382 F.3d at 1137. "[T]he key issue in determining whether a statement is within the government's jurisdiction is the authority of the agency to act. Generally speaking, a federal agency only has the authority to take action against the recipient of the federal funds—that is, the party with whom it has contracted." *Id.*

Defendant acknowledges that the Medicare Program is within the jurisdiction of the Department of Health and Human Resources (Dkt. 26, p. 4). It follows that the Medicare claims submitted by Defendant's employers fall within the jurisdiction of the executive branch, since Medicare, through the Department of Health and Human Resources, has the authority to approve or deny the claims. *United States v. Blankenship*, 382 F.3d 1138 ("Because a federal agency can exercise power directly over the recipient of its funds, the federal government clearly has jurisdiction over such actors and may prosecute them under § 1001.").

Notwithstanding, Circuit precedent restricts the reach of § 1001 when the alleged false statements are made by an employee to his private employer which has a contract with the federal government. *United States v. Blankenship*, 382 F.3d at 1139, *citing United States v. Lowe*, 141 F.2d 1005 (5th Cir. 1944):

> The clear, indisputable holding of *Lowe* is that a misrepresentation made to a private company concerning a project that is the subject of a contract between that company and the federal government does not constitute a misrepresentation about a matter within the jurisdiction of the federal government.
> . . .

3

> Because neither *Lowe* nor its central holding has ever been overruled by the Supreme Court or this court sitting *en banc*, it remains good law. The fact that it is supported by solid policy and federalism considerations is merely an additional benefit.

*United States v. Blankenship*, 382 F.3d at 1141.[2]

While these authorities ostensibly lend support to Defendant's theory, whether his jurisdictional attack on Counts 1 and 2 has merit can only be resolved after a development of the facts at trial.[3] Indeed, an attack on the jurisdictional element of a § 1001 prosecution is typically construed as a challenge to the sufficiency of the evidence. *United States v. Gonzalez*, 540 Fed.Appx. at 979, *citing United States v. Blankenship*, 382 F.3d at 1131.

Defendant's secondary argument that he cannot as a matter of law be guilty of aiding and abetting unless he is alleged to have acted with knowledge that his employers were committing the crimes charged in Counts 1 and 2 is likewise a matter which cannot be resolved without a determination of the facts at trial. One who "aids, abets, counsels, commands, induces or procures" the commission of an offense, or "wilfully causes" another to perform an act that would be an offense if performed by him, is punishable as a principal under 18 U.S.C. § 2. Aiding and abetting is an alternative theory of criminal liability, providing "that one who has been indicted as a principal may be convicted on evidence showing that he merely aided and abetted the commission of the

---

[2] The Court in *Blankenship* observed, "[w]e also note that if § 1001 were interpreted to prohibit any false statement to any private entity whose funds, in whole or in part, happened to originate with the federal government, the results would be shocking." 382 F.3d at 1137.

[3] The jurisdictional element of a § 1001 prosecution does not turn on whether on whether Defendant had actual knowledge of federal agency jurisdiction when he falsely claimed to hold a Master's degree. "Both the plain language and the legislative history establish that proof of actual knowledge of federal agency jurisdiction is not required under § 1001." *United States v. Yermian*, 468 U.S. 63, 75 (1984); *United States v. Suggs*, 755 F.2d at 1542; *United States v. Baker*, 626 F.2d 512, 516 (5th Cir. 1980) "18 U.S.C. s 1001 is designed to protect federal funds and functions from fraudulent interference. In furthering these purposes, it is irrelevant whether defendant knew that his intentionally false statements might eventually influence a federal agency.").

offense." *United States v. Hassoun*, 476 F.3d 1181, 1184, n. 2, *cert. denied*, 133 S.Ct. 29 (2012). Defendant is correct that aiding and abetting is not a distinct offense, and that he can only be liable as an aider and abettor if the Government proves that the substantive offense was actually committed by someone else. *Id.*; *United States v. Jarvis*, 335 Fed. Appx. 845 (11th Cir. 2009). But his argument overlooks the fact that he is charged as a principal, and that the facts at trial may well support either of the alternative theories of criminal culpability charged in Counts 1 and 2.

In conclusion, Counts 1 and 2 of the Indictment allege each of the essential elements of a § 1001 offense, including the requisite jurisdictional element, and fairly apprise Defendant of what he must be prepared to meet. The Indictment is therefore facially sufficient and Defendant's Motion to Dismiss (Dkt. 25) is accordingly DENIED.

**DONE AND ORDERED** this 2nd day of December, 2014.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record